United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 19-20699-CR-Scola |
| | ) | |
| Javier Baez Padilla, Defendant. | ) | |
| | ) | |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Javier Baez Padilla's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 135.) The Government has filed a response. (ECF No. 137.) The Defendant has not replied, and the time to do so has passed. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** Baez Padilla's motion for reduction of sentence. (**Mot., ECF No. 135**.)

### 1. Background

On September 15, 2022, the Defendant Javier Baez Padilla was sentenced to a term of imprisonment of 48 months after pleading guilty to an indictment that charged conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2) (Count 1); possession of device making equipment in violation of 18 U.S.C. § 1029(a)(4) (Count 4); possession of fifteen or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3) (Count 5); and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Counts 7 and 8). (ECF Nos. 3, 116, 117.) The Sentencing Guidelines range was 57 to 71 months of imprisonment as to Counts 1, 4, and 5, plus 24 months to run consecutively as to Counts 7 and 8 as required by 18 U.S.C. § 1028A. (Resp., ECF No. 137 at 6.) The total effective Guidelines range was therefore 81 to 95 months.

Since Baez Padilla's sentencing, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders ("Amendment 821"), which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Baez Padilla now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 48 months in prison.

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2)

is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*. 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

Baez Padilla's motion fails because he is a zero-point offender, but the application of Amendment 821 would not lower his existing sentence. Baez

Padilla's original Guidelines range was 81 to 95 months of imprisonment, including the 24-month mandatory consecutive sentence. Even with the two-point reduction, his new effective Guidelines range would be 70 to 81 months. Pursuant to the applicable policy statement, the Court cannot reduce a defendant's term of imprisonment below the minimum of the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced.") (cleaned up).

Baez Padilla's original sentence was 48 months, so his original sentence is below the bottom of the new Guidelines range and Amendment 821 does not provide relief. Because the application of Amendment 821 would not reduce Baez Padilla's sentence, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Baez Padilla's motion for reduction of sentence is **denied**. (**ECF No. 135**.)

**Done and ordered** at Miami, Florida on February 20, 2024.

_____
Robert N. Scola, Jr.
United States District Judge